

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-23-00182-CV |
|  | § | Appeal from the |
| A.G.R. and C.E.R., | § | 65th Judicial District Court |
| CHILDREN. | § | of El Paso County, Texas |
|  | § | (TC# 2020DCM6732) |

## <u>MEMORANDUM OPINION</u>

Appellee Texas Department of Family and Protective Services (the Department) has filed an agreed motion to remand for new trial, stating that counsel for the Department, counsel for Appellant L.E.G.E., and the attorney ad litem for the children have reached an agreement as to the disposition of this appeal. Specifically, the parties have asked this Court to reverse the portion of the trial court's judgment terminating L.E.G.E.'s parental rights and remand for a new trial on the merits on the issues brought for appeal. The motion contains the signatures of all parties.

Texas Rule of Appellate Procedure 42.1(a)(2)(A) allows this Court to render a judgment effectuating the parties' signed agreement filed with the Clerk of the Court. TEX. R. APP. P. 42.1(a)(2)(A). Further, Rule 43.2(d) allows this Court to issue a judgment reversing the trial court's judgment and remanding the case for further proceedings. *See In re I.M.*, No. 08-21-00107-CV, 2021 WL 4129473, at *1 (Tex. App.—El Paso Sept. 10, 2021, no pet.) (mem. op.) (reversing trial

court's judgment in termination of parental rights case and remanding for new trial based on agreement of parties); *In re J.L.R.*, No. 01-22-00661-CV, 2023 WL 1974826, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2023, no pet.) (mem. op.) (per curiam) (same); *In re K.T.A.M.*, No. 14-18-00330-CV, 2018 WL 3734218, at *1 (Tex. App.—Houston [14th Dist.] Aug. 7, 2018, no pet.) (mem. op.) (per curiam) (same); *In re C.B.C.*, No. 10-12-00428-CV, 2013 WL 2257443, at *1 (Tex. App.—Waco May 9, 2013, no pet.) (mem. op.) (same); Tex. R. App. P. 43.2(d).

In light of the unique complexities in this case and the Department's implied recognition of a degree of reversible error, to effectuate the parties' agreement, we reverse the portion of the trial court's judgment terminating L.E.G.E.'s parental rights and remand the case for a new trial on the merits on the issues brought for appeal.[1] *See* Tex. R. App. P. 42.1(a)(2)(A). We express no opinion on aspects of the case that were not appealed and do not disturb the trial court's judgment in that regard, including its managing conservatorship provisions, pending a new judgment by the trial court or agreement of the parties settling the underlying case.

We order this Court's mandate to issue immediately.

LISA J. SOTO, Justice

March 14, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[1] Also pending is Appellant's motion for judgment nunc pro tunc and to supplement clerk's record. This motion is denied as improperly directed to this Court rather than the trial court. *See* Tex. R. Civ. P. 316 (clerical mistake in trial court judgment may be corrected by trial judge).